# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SIMEON KING,<br><br>                    Petitioner,<br><br>          v.<br><br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Civil No.   13cv0877-GPC (NLS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is subject to dismissal because Petitioner has failed to name a proper Respondent and failed to allege exhaustion of state court remedies.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the

institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Petitioner has named the State of California as Respondent in this case. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

1  United States Constitution." Id. at 365-66 (emphasis added).  For example, "[i]f a habeas
2  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
3  due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only
4  in federal court, but in state court." Id. at 366 (emphasis added).
5        Petitioner indicates that he has not presented his claims to the California Supreme Court.
6  (See Pet. at 6-7.)  The reason he gives for not exhausting his claims is: "I do not have any trust
7  and confidence in the state judicial system after my federal & state constitutional rights have
8  been flagrantly violated." (Id. at 8.)  The burden of proving that a claim has been exhausted lies
9  with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  Petitioner's lack
10 of trust and confidence in the state judicial system is not a sufficient reason to excuse the
11 exhaustion requirement. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that the
12 exhaustion doctrine is designed to give state court the first opportunity to pass upon alleged
13 violations of state prisoner's federal rights); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir.
14 1993) (recognizing that the exhaustion doctrine is essentially a matter of federalism and comity
15 which can be excused only "in rare cases where exceptional circumstances of peculiar urgency
16 are shown to exist."), quoting Granberry, 481 U.S. at 134; see also 28 U.S.C. § 2254(b) ("An
17 application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment
18 of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the
19 remedies available in the courts of the State; or (B)(i) there is an absence of available State
20 corrective process; or (ii) circumstances exist that render such process ineffective to protect the
21 rights of the applicant.")
22       Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
23 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
24 of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation
25 period shall run from the latest of:
26       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking
27       such review;
28 / / /

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to name a proper respondent and has not alleged exhaustion of state court remedies.

## **CONCLUSION**

  Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to name a proper respondent and failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must, no later than **June 17, 2012**, file a First Amended Petition that cures the pleading deficiencies set forth above.

  Petitioner is advised that if he has not submitted a First Amended Petition alleging exhaustion of his state court remedies by **June 17, 2012**, he will have to start over by filing a

completely new habeas petition in this Court which will be given a new civil case number. The Clerk of Court shall send a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:  April 12, 2013**

*[signature]*
**HON. GONZALO P. CURIEL**
**United States District Judge**