1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
MAURICE SIMEON KING,                    )    Civil No. 13cv877 GPC (NLS)
11                                          )
                          Plaintiff,        )    **ORDER DENYING MOTION TO**
12  v.                                      )    **APPOINT COUNSEL**
                                            )    [Doc. Nos. 8, 12]
13  B.M. CASH, Warden,                      )
                                            )
14                        Defendants.       )
                                            )
15  _____      )

16

17        Petitioner Maurice King, a state prisoner proceeding pro se, filed a habeas petition

18  contesting his confinement based on alleged violations of his sixth and fourteenth

19  amendment rights.  Petitioner asks the court to appoint counsel to represent him on his

20  habeas petition.  He argues that the court should appoint counsel because (1) Petitioner is

21  indigent; and (2) he requests an evidentiary hearing and would like the help of an

22  attorney for that process.  The court has considered Petitioner's request and **DENIES**

23  without prejudice his motion to appoint counsel.

24  **Right to Counsel.**

25        The Sixth Amendment right to counsel does not extend to federal habeas corpus

26  actions by state prisoners.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  But

27  financially eligible habeas petitioners may obtain counsel whenever the court "determines

28  that the interests of justice so require.'"  18 U.S.C. § 3006A(a)(2)(B); *Terrovona v.*

                                            1                              13cv877 GPC (NLS)

1 | *Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

2 |     The interests of justice require appointment of counsel when the court conducts an

3 | evidentiary hearing on the petition. *Id.* at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722,

4 | 728 (9th Cir. 1986). When no evidentiary hearing is necessary, appointment of counsel is

5 | discretionary. *Id.* In the Ninth Circuit, indigent prisoners are not entitled to appointed

6 | counsel unless counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d

7 | at 1196; *Knaubert*, 791 F.2d at 728-29.

8 |     Here, Petitioner has sufficiently represented himself to date. From the face of the

9 | petition, it appears that Petitioner could ably express himself and has a good grasp of this

10 | case and the legal issues involved, as the court has ordered Respondent to respond to the

11 | First Amended Petition. At this point the issues do not appear so complex such that

12 | Petitioner cannot litigate them. Also, it is not evident at this time that an evidentiary

13 | hearing is necessary. Under these circumstances, a district court does not abuse its

14 | discretion in denying a state prisoner's request for appointment of counsel. *See LaMere*

15 | *v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

16 | **Petitions Filed by *Pro Se* Litigants.**

17 |     Federal courts highly protect a pro se petitioner's rights. *Knaubert*, 791 F.2d at

18 | 729 (citation omitted). The court must construe a pro se petition more liberally than a

19 | petition drafted by counsel. *Id.* It must also "scrutinize the state court record

20 | independently to determine whether the state court procedures and findings were

21 | sufficient." *Id.* Even if the court accepts a state court's factual findings, it must draw its

22 | own legal conclusion regarding the legality of the incarceration. *Id.* The appellate court

23 | will review the district court's conclusion de novo. *Id.*

24 |     The court acknowledges that counsel can provide valuable assistance: "An

25 | attorney may narrow the issues and elicit relevant information from his or her client. An

26 | attorney may highlight the record and present to the court a reasoned analysis of the

27 | controlling law." *Knaubert*, 791 F.2d at 729. The court, however, also notes that "unless

28 | an evidentiary hearing is held, an attorney's skill in developing and presenting new

evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Id.*

This court will review the trial record independently, draw its own legal conclusion and inform itself of the relevant law. Therefore, the additional assistance counsel could provide, while significant, is not compelling. Also, Petitioner has already sufficiently pleaded his claims, warranting this court's order directing Respondent to file an answer or other responsive pleading. The court finds that Petitioner, at this point, is capable to litigate the claims in his habeas petition. Finally, if the court later determines that an evidentiary hearing is warranted, the court will reconsider whether to appoint counsel for the hearing.

Here, the "interests of justice" do not compel the appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: July 31, 2013

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

13cv877 GPC (NLS)