UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SIMEON KING,<br><br>             Petitioner,<br>v.<br><br>B.M. CASH, Warden,<br><br>             Respondent. | Civil No. 13cv877 GPC (NLS)<br><br>**ORDER:**<br><br>**(1) RETRACTING REPORT AND RECOMMENDATION OF 12/20/13;**<br><br>**(2) ISSUING NEW REPORT AND RECOMMENDATION FOR ORDER DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 9]; and**<br><br>**(3) DENYING REQUEST FOR EVIDENTIARY HEARING.** |

      Petitioner Maurice Simeon King is a recently-released California inmate who served approximately 15 months in prison for assault and carrying a concealed dirk or dagger. King filed the operative First Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254 claiming multiple violations of his constitutional rights. Specifically, King claims: (1) due process violations because the trial court excluded the victim from testifying at trial; (2) sixth amendment confrontation clause violation because King could not cross-examine the victim; (3) due process violation based on violation of California's Speedy Trial Act; and (4) ineffective assistance of trial and appellate counsel.

The traverse in this case was due December 4, 2013.  King did not file a traverse on that date, but instead, on December 10, 2013, filed a "Notice and Request for Ruling." [Dkt. No. 22.] It included substantive arguments and the court construed it as the traverse. The court reviewed the Petition, answer, traverse and all supporting documents, and issued a Report and Recommendation (R&R) regarding the Petition on December 20, 2013.

On January 6, 2014, King filed a Supplemental Traverse.  He said that he was taken into custody on a parole violation, and thus did not receive Respondent's Answer until December 20, 2013. [Dkt. No. 25, p.2.] King then filed what the court construes as the "Supplemental Traverse," where he raises new arguments and requests an evidentiary hearing. [Dkt. No. 25.]

The court did a thorough review of the record, including the supplemental traverse, and concludes that Petitioner is not entitled to the relief requested.  The court now issues this order: (1) Retracting the Report and Recommendation of December 20, 2013; (2) issuing a new Report and Recommendation and **RECOMMENDS** that the Petition be **DENIED**; and (3) **DENIES** the request for an evidentiary hearing.

## I.  FACTUAL BACKGROUND

**A.    Procedural History.**

A San Diego County jury found King guilty of assault with a deadly weapon and carrying a concealed dirk or dagger. Lodgment 1 at 88, 90-91.  The trial court sentenced King to a term of three years in state prison. Lodgment 1 at 68; Lodgment 2 at 180.

King appealed his conviction to the Fourth District California Court of Appeal, Division One.  Lodgment 3.  His counsel filed a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979) and *Anders v. California*, 386 U.S. 738 (1967), raising these possible, but not arguable, issues:

> (1) Whether the evidence was sufficient to support the convictions.
>
> (2) Whether Mr. King was denied the right to a speedy trial.

>  (3) Whether the amount of the court security fee ($80) . . . is correct. [Citation omitted.]
>
>  (4) Whether the $60 criminal conviction assessment . . . is correct.
>
>  (5) Whether the trial court should have considered lack of ability to pay a restitution fine[.]
>
>  (6) Whether the trial court's failure to make a finding on ability to pay a restitution fine . . . was waived by failure to object. [Citations omitted.]
>
>  (7) Whether a cane may be considered a deadly weapon. [Citation omitted.]

Lodgment 3 at 8-9. King himself filed a supplemental brief, asserting that his sixth amendment right to confront witnesses and right to speedy trial were violated. Lodgment 4 at 2.

The Court of Appeal conducted its own independent review of the record to determine if there were any arguable appellate issues. Lodgment 4 at 3. It did not find any, and affirmed the conviction. Lodgment 4.

King then petitioned the California Supreme Court for review. Lodgment 5. He raised these two claims: violation of sixth amendment right to cross examination of a witness, and ineffective assistance of appellate counsel. *Id.* The California Supreme Court summarily denied the petition. Lodgment 6.

King filed his initial petition on April 3, 2013. Dkt. No. 1. On May 28, 2013, he filed a First Amended Petition in this court. Dkt. No. 9. Respondent filed an answer on October 30, 2013. King filed his Traverse on December 10, 2013.

**B.    Statement of Facts.**[1]

On April 22, 2012, Stephen Boyd was working as a security guard at the entrance

---

[1] This court quotes verbatim the factual background from the California Court of Appeal's opinion. Lodgment 4. *See* 28 U.S.C.§ 2254(e)(1) ("a determination of a factual issue made by a state court shall be presumed to be correct"); *Sumner v. Mata*, 449 U.S. 539, 545-547 (1981) (deference is owed to factual findings of state trial and appellate courts); *Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir. 2001) (paraphrasing facts from the state court opinion).  Petitioner may rebut the presumption only by clear and convincing evidence. 28 U.S.C.§ 2254(e)(1); *Slovik v. Yates*, 545 F.3d 1181, 1183 n.1 (9th Cir. 2008).

to East Village Tavern on Market Street in San Diego. At approximately midnight, he observed two men. The first one (the victim) walked quickly past him. The second man (King) was following, twirling a metal walking cane. Boyd turned to check a couple of ID's of customers entering the bar when he heard a "smack." When he turned around he saw King beating the victim over the head with the cane. The victim was hunched over with the back of his head toward King. He had his hands up in what appeared to be a defensive position.

The victim pushed himself away from King and moved around to the front of a vehicle to make space between him and King. King then went into the middle of Market Street and walked eastbound. The victim came back to the front of the bar and sat down. Boyd saw the victim had two gashes on his head and was bleeding. Boyd called 911 and reported the incident.

Sergeant Benjerwin Manansala of the San Diego Police Department responded to a radio call just after midnight on the night of the incident. When he arrived, he encountered the victim and saw that he was bleeding from lacerations on the head. Officers on the scene obtained a description of King.

Sergeant Manansala drove around the area and encountered King approximately five or six blocks away. He was carrying a cane. He approached King and placed him in handcuffs. He saw that the cane was spattered with blood.

After detaining King, Sergeant Manansala patted him down for weapons. He asked King if he had any weapons on him and King responded that he had a knife in his pocket. Sergeant Manansala recovered a steak knife with a five-inch blade from King's left jacket pocket.

Boyd was brought from the bar to where King had been apprehended and he identified King as the assailant. At trial, Boyd also identified King as the person who swung the cane.

The victim had refused to give his address and did not identify King as the assailant as he had been transported to the hospital. Later efforts to locate the victim

were unsuccessful.

## II. LEGAL STANDARD

### A. AEDPA Governs this Petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). "Clearly established federal law," for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A federal habeas petition must allege a deprivation of one or more federal rights; the federal court will not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### B. Decisions that Contradict or Unreasonably Apply Federal Law.

A federal habeas court may grant relief where the state court (1) decides a case "contrary to" federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may also grant habeas relief where a state court decision is an "unreasonable application" of federal law, such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the facts at issue. *Id.*

The state court decision must be more than incorrect or erroneous; to warrant habeas relief the state court's application of "clearly established federal law" must be "objectively unreasonable." *Lockyer*, 538 U.S. at 75. "Objectively unreasonable" differs

from "clear error" in that a federal court cannot grant habeas relief only because it believes the state court erroneously or incorrectly applied "clearly established federal law;" the application must be objectively unreasonable. *Id.* at 75-76 (internal citation omitted). That standard under AEDPA is difficult to meet and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011) (internal quotations omitted). A state court's determination that lacks merit still "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 786 (2011).

## C. Decisions Based on an Unreasonable Determination of Facts.

Section 2254(e)(1) provides: "[a] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

## D. Review of State Court Decision.

If a state supreme court silently denies a Petitioner's appeal with a summary dismissal, the reviewing federal habeas court must look through to the last reasoned state court opinion in making a decision. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

Here, the California Supreme Court silently denied King's petition for review. Lodgment 4. Therefore, the California Court of Appeal issued the last reasoned state court opinion on the merits of King's claims. *Id.*

### III. DISCUSSION

## A. Claim 1: Violation of Due Process.

King claims the trial court violated his due process rights because it allegedly excluded Sylvester Brown, the victim, from testifying. Respondent argues that the state court's rejection of this claim was not contrary to or an unreasonable application of Supreme Court law.

If a petitioner challenges the exclusion of particular evidence, the standard to determine whether habeas relief is warranted is whether the trial court's alleged error was so fundamentally unfair that it violated due process. *See Estelle*, 502 U.S. at 72 (noting that, with regard to a jury instruction, petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process"); *see also Spivey v. Rocha*, 194 F.3d 971, 977-978 (9th Cir. 1999). Even if a state trial court's erroneous evidentiary ruling is found to violate the defendant's constitutional rights, a federal habeas court will evaluate that error under the "substantial and injurious effect or influence" on the jury's verdict standard. *Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Baines v. Cambra*, 204 F.3d 964, 977 (9th Cir. 2000). In other words, even if there is a trial error, a petitioner can obtain habeas relief only if he or she suffers actual prejudice. *Brecht*, 507 U.S. at 637.

Here, there is no evidence in the record that the trial court excluded the victim from testifying or that the prosecution or trial court otherwise interfered with King's right to present the victim as a witness. Rather, at the crime scene the victim refused to give his address. Lodgment 2 at 117. Consequently, the prosecution assigned a process server to investigate the victim's whereabouts. *Id.* The prosecution issued a subpoena for the victim, who is a transient, to appear at trial. *Id.* The process server testified that he spent 14 hours searching for the victim. *Id.* at 121. Because the process server could not locate the victim, the victim was never served with the subpoena. *Id.* Neither the prosecution or the defense called the victim to testify because no one ever found him after the incident. *Id.*

Neither the prosecution nor the court excluded the victim from the trial. The prosecution made a reasonable effort to find the victim. Additionally, there is no evidence that the prosecutor or the trial court hindered King's ability to conduct his own investigation to find the victim. Ultimately, it appears the trial court did not exclude the victim from testifying. Further, the appellate court did not find any error with the non-appearance of the victim at the trial. This court finds that the state court's rejection of

this due process claim was not contrary to, or an unreasonable application of, controlling Supreme Court authority, and thus denies the claim.

**B.   Claim 2: Violation of the Confrontation Clause**

King claims his right to confront a witness was violated. Pet'n at 7. He asserts that the trial court allowed a statement by the victim to the police into evidence, and that he could not cross-examine the victim. *Crawford v. Washington*, 541 U.S. 36, 42 (2004).

When a petitioner claims a violation of his right to confront a witness, he must prove that an out-of-court testimonial statement, by a witness, was used against him at trial, and that he had no chance to cross-examine the witness. *Id.* The sixth amendment's confrontation clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Id*.

The record, however, states that the trial judge excluded the victim's statements because they violated *Crawford*, and therefore, the confrontation clause. The judge said:

> I'm looking at the statements. I'm seeing it's a narrative. I'm not seeing that they were really spontaneous statements. He said, 'Brown essentially told me the following.' So I do think they come within Crawford so I'm not going to allow them in.

Lodgment 2 at 17.

In sum, the vicitm did not testify at trial. No statement made by the victim was ever introduced at trial by any witness. *Id*. The trial court refused to admit any statement by the victim. *Id*. Because no out of court testimonial statement made by the victim was ever introduced at trial–by the victim or anyone else–King's right to confront all witnesses against him was not violated. This court, therefore, finds that the state court's rejection of this sixth amendment claim was not contrary to, or an unreasonable application of, controlling Supreme Court authority, and thus denies the claim.

**C.   Claim 3: Violation of Speedy Trial Under State Law.**

King claims his right to a speedy trial right was violated because he contends he was not brought to trial within the 60-day period required under California Penal Code §

1382(a)(2).² Dkt. No. 9 at 13. Respondent argues that this claim should be dismissed as unexhausted, or denied on the merits.

### 1. Exhaustion.

Before filing a federal habeas petition, a prisoner in state custody pursuant to a state court judgment must first exhaust state judicial remedies through either a direct appeal or collateral proceedings. *See* 28 U.S.C. § 2254(b),(c). The prisoner must provide the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See Granberry v. Greer*, 481 U.S. 129, 133-134 (1987). Here, King did not present this claim to the California Supreme Court. Lodgment 5. Therefore it is not properly exhausted.

### 2. Speedy Trial Claim.

While a federal court cannot grant relief on an unexhausted claim, it can deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). In the interest of judicial efficiency, and because Respondent did not file a motion to dismiss this claim but rather filed an answer to it on the merits, the court will examine the merits of this claim. King bases his speedy trial claim solely on California's Speedy Trial Act, which is purely a matter of state law. He says that the prosecution had a duty "to bring defendant to trial within the 60 day statutory time limit," and that under the California Constitution "the filing of a criminal complaint is sufficient to trigger speedy trial protection." Pet'n at 13.

A federal court can only review a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation

---

² The California Speedy Trial Act was codified into California Penal Code §1382(a)(2):
>   (a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: ...
>   (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information, or reinstatement of criminal proceedings[.]

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In general, a federal habeas court cannot interfere with a state court's interpretation of state law. *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005). Federal habeas courts may not "reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 68.

Where a habeas claim is based "on an alleged violation of the California Speedy Trial Act...[it] raise[s] nothing more than issues of state law, which . . . are beyond the purview of this Court in a federal habeas proceeding." *Khalafala v. Brown*, 2009 U.S. Dist. LEXIS 91010, *29; 2009 WL 3211276 (E.D. Cal. September 30, 2009). Because King's claim is based on the allegation that his trial did not commence within the 60-day period required California Penal Code §1382(a)(2), the claim concerns application of state law that does not involve the Constitution or laws or treaties of the United States. Further, even assuming there was a state law violation–which Respondent disputes–Petitioner did not present any evidence that the alleged violation caused him to suffer any actual prejudice. *See Brecht*, 507 U.S. at 637 (requiring a "substantial and injurious effect or influence" on the jury's verdict standard to warrant habeas relief). Therefore, the court denies this speedy trial claim.

**D.     Claim 4: Ineffective Assistance of Counsel.**

King's final claim is that he received ineffective assistance of both his trial and appellate counsel. Dkt. No. 9 at 14. The constitutional standard for ineffective assistance of counsel ("IAC") requires a petitioner to prove a two-prong test: (1) that counsel's performance fell below an objective standard of reasonableness, under prevailing norms of practice, and (2) the defendant was prejudiced, in the sense that he would have received a more favorable result but for counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance requirement, "[t]he challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Strickland*, 466 U.S. at 687.

Courts resolving an IAC claim do not inquire into what means and strategies

defense counsel might have pursued but rather assess whether the choices counsel actually made were reasonable. *Siriprongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and reviewing courts defer to counsel's reasonable tactical decisions. *Strickland*, 466 U.S. at 689.

### 1. Trial Counsel.

King claims his trial counsel was ineffective because counsel failed to (1) object to the victim's absence from the trial; and (2) present an adequate defense by presenting mitigating evidence and effectively cross-examining witnesses. Dkt. 9 at 14-16.

#### *a. Exhaustion of Claim.*

Respondent first argues that this claim is unexhausted. As mentioned above, a petitioner must provide the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See Granberry,* 481 U.S. at 133-134. Because King did not present this claim to the California Supreme Court, it is unexhausted. The court, however, will address the merits of this claim, because Respondent bypassed doing a motion to dismiss and proceeded to briefing the merits of the claim.

#### *b. IAC Claim.*

King has the burden to show that his trial counsel made errors that were so serious that counsel was not functioning as guaranteed by the sixth amendment. In assessing counsel's performance, the court employs a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690.

King first claims that his trial counsel failed to object to the victim's absence at trial. King does not explain the legal basis for such an objection. Instead, he conflates this claim with statements about not having "the opportunity to cross-examine the victim-witness who produced the [police] report." Dkt. No. 9 at 14. But this court already found that the victim's statements were not admitted at trial and that consequently, there was no

confrontation clause violation. Therefore, the failure of counsel to object to the non-appearance of the victim does not fall below an objective standard of reasonableness, especially where the victim's statements were never introduced at trial. It also does not appear that had counsel objected to the victim not being at trial, King would have received a more favorable result.

Second, King claims that his trial counsel failed to present mitigating evidence and effectively cross-examine witnesses. But King did not present any evidence that trial counsel excluded. He simply made vague accusations that trial counsel "actually hurt petitioner's case by not asking the right questions and not getting involved immediately or argue all points of the case." Dkt. No. 9 at 14. He suggests that some of the "right questions" would have been to impeach the victim–who did not testify–with criminal records, false testimony and statements, attitude, and drug abuse and addiction status. Supp. Traverse, p.16. The failure to address these impeachment issues, though, does not show any unprofessional errors on the part of trial counsel. The victim did not testify, so he could not have been impeached. Even if he did testify, these issues are separate from the evidence presented of the crime being committed, and it does not appear that King would have received a more favorable result in his trial if the victim testified and if King could successfully impeach him.

Because King fails to meet both prongs of the *Strickland* standard for these two claims, the court denies his claim for ineffective assistance of trial counsel.

  **2. Appellate Counsel**.

King claims his appellate counsel was incompetent and failed to raise substantial allegations of error that might have resulted in reversal of his convictions. Dkt. No.9 at 14. Respondent argues this claim lacks merit.

   *a. Review of State Court Decision*.

When a state court's rejection of a petitioner's claim is unexplained, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richert*, 131 S. Ct. 770, 784 (2011). Here, the

California Supreme Court summarily denied King's petition for review that included the ineffective assistance of appellate counsel claim. Lodgments 5, 6. The last reasoned decision is the California Court of Appeal's' opinion. Lodgment 4.

The California Court of Appeal stated, without explanation, that "competent counsel has represented King on appeal." Lodgment 4 at 4. Therefore, King must show that there was no reasonable basis for the Court of Appeal decision.

### b. IAC Claim.

The *Strickland* standard equally applies to appellate counsel. *Smith v. Robins*, 528 U.S. 259, 285 (2000). A petitioner must show that his appellate counsel's performance was objectively unreasonable because "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* If the petitioner can first show an objectively unreasonable performance, then "he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.*

Here, counsel filed a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979) and *Anders v. California*, 386 U.S. 738 (1967) raising seven possible issues. Lodgment 3. King filed a supplemental brief raising two issues. Lodgment 4 at 2. The Court of Appeal reviewed the entire record with those issues in mind, and found that there were no arguable issues to raise on appeal. Lodgment 4. Notably, the appellate court concluded its opinion with "[c]ompetent counsel has represented King on appeal." Lodgment 4 at 4.

The U.S. Constitution does not require appellate counsel to raise every colorable or non-frivolous claim. *Jones v. Barnes*, 463 U.S. 745, 751-754. King does not explain what "substantial allegations of error" his appellate counsel made by not raising specific issues on appeal. King simply alleges that his appellate counsel was not a "active advocate" for him. But he provides no evidence to prove the allegation. Additionally, King does not show that had counsel raised these claims on direct appeal, it was reasonably probable that he would have prevailed on appeal. This court finds that King does not demonstrate that the state court's finding of competence regarding his appellate

counsel was contrary to, or an unreasonable application of, Supreme Court authority.

**E.    Request for Evidentiary Hearing.**

In the caption of the supplemental traverse, King writes "Request for Evidentiary Hearing." He includes no statements or argument in the supplemental traverse to support his request. "An evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in original); *see also Cullen*, 131 S.Ct. at 1398. This court can resolve Petitioner's claims by reference to the state court record. Petitioner's summary request for an evidentiary hearing is **DENIED**.

## IV.  CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, the court **RECOMMENDS** that the district court issue an order: (1) approving and adopting this Report and Recommendation; and (2) deny the First Amended Petition and dismiss it with prejudice.

King already filed objections to the first R&R. [Dkt. No. 26.] Because this R&R arrives at the same findings and is based on largely the same analysis, those objections are pertinent to the review of this R&R. If King wants to file supplemental objections to this R&R, or if Respondent wants to file objections, **IT IS ORDERED** that no later than **February 18, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties non later than **February 28, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir, 1991).

DATED: January 28, 2014

Hon. Nita L. Stormes
U.S. Magistrate Judge