1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAURICE SIMEON KING,

                          Petitioner,

    vs.

B.M. CASH, Warden,

                        Respondent.

CASE NO. 13cv0877 GPC (NLS)

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND DENYING PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 9.)

## I. INTRODUCTION

Petitioner Maurice Simeon King ("Petitioner"), proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus ("FAP") under 28 U.S.C. § 2254. (ECF No. 9.) Respondent, B.M. Cash ("Respondent"), filed an answer to the FAP, (ECF No. 19), and Petitioner filed his Traverse. (ECF No. 22.) On December 20, 2013, pursuant to 28 U.S.C. § 636(b)(1), the Honorable Nita L. Stormes, United States Magistrate Judge ("Magistrate Judge") submitted a report and recommendation that was later retracted ("Original R&R"). (ECF No. 23.) Petitioner filed a supplemental traverse and objections to the Original R&R. (ECF Nos. 25 and 26.) The Magistrate Judge then issued an amended report and recommendation ("Amended R&R"), recommending that this Court deny Petitioner's FAP and dismiss it with prejudice. (ECF No. 27.) After a thorough review of the issues and for the reasons set forth

below, this Court **ADOPTS** the Magistrate Judge's Amended R&R and **DENIES** Petitioner's FAP.

## II.  BACKGROUND

**A.     Factual Background**

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); see also Parle v. Fraley, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness).  The following facts are taken from the unpublished California Court of Appeal opinion, affirming Petitioner's conviction:

On April 22, 2012, Stephen Boyd was working as a security guard at the entrance to East Village Tavern on Market Street in San Diego. At approximately midnight, he observed two men. The first one (the victim) walked quickly past him. The second man (King) was following, twirling a metal walking cane.  Boyd turned to check a couple of ID's of customers entering the bar when he heard a "smack."  When he turned around he saw King beating the victim over the head with the cane. The victim was hunched over with the back of his head toward King. He had his hands up in what appeared to be a defensive position.

The victim pushed himself away from King and moved around to the front of a vehicle to make space between him and King. King then went into the middle of Market Street and walked eastbound. The victim came back to the front of the bar and sat down. Boyd saw the victim had two gashes on his head and was bleeding. Boyd called 911 and reported the incident.

Sergeant Benjerwin Manansala of the San Diego Police Department responded to a radio call just after midnight on the night of the incident. When he arrived, he encountered the victim and saw that he was bleeding from lacerations on the head. Officers on the scene obtained a description of King.

Sergeant Manansala drove around the area and encountered King approximately five or six blocks away. He was carrying a cane. He approached King and placed him in handcuffs. He saw that the cane was spattered with blood.

After detaining King, Sergeant Manansala patted him down for weapons.  He asked King if he had any weapons on him and King responded that he had a knife in his pocket.  Sergeant Manansala recovered a steak knife with a five-inch blade from King's left jacket

pocket.

            Boyd was brought from the bar to where King had been apprehended and he identified King as the assailant. [] At trial, Boyd also identified King as the person who swung the cane.

            The victim had refused to give his address and did not identify King as the assailant as he had been transported to the hospital.  Later efforts to locate the victim were unsuccessful.

(Lodgment No. 4 at 2-3, <u>People v. King</u>, D062629, Slip. Op. at 2-3.)

**B.**   **Procedural History**

Following a jury trial, Petitioner was convicted in San Diego County Superior Court Case number SCD240450 of assault with a deadly weapon and carrying a concealed dirk or dagger.  (Lodgment No. 1 at 88, 90-91.)  Petitioner was sentenced to a total prison term of three years.  (<u>Id.</u> at 68; Lodgment No. 2 at 180.)

Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One.  (Lodgment No. 3.)  The appellate court affirmed his conviction.  (Lodgment No. 4.)  Petitioner then filed a Petition for Review in the California Supreme Court, (Lodgment No. 5), and the California Supreme Court denied the petition.  (Lodgment No. 6.)

On April 2, 2013, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") in the Central District of California.  (ECF No. 1.)  The Petition asserted five grounds that entitled him to relief: (1) a violation of his Sixth Amendment right of confrontation; (2) a violation of his due process rights under the Fourteenth Amendment to confront and cross-examine a witness; (3) a violation of his Sixth Amendment right to speedy trial; (4) a violation of his Sixth Amendment right to counsel; and (5) a violation of his right to effective assistance of counsel on appeal.  (<u>Id.</u> at 6-7.)

On April 9, 2013, the case was transferred to the undersigned Judge pursuant to 28 U.S.C. §§ 1404(a) and 2241(d).  (ECF No. 3.)  On April 12, 2013, this Court dismissed the Petition without prejudice for failure to name a proper respondent and for failure to allege exhaustion of state court remedies.  (ECF No. 6.)

1    On May 28, 2013, Petitioner filed a First Amended Petition ("FAP"), the
2    currently operative petition.  (ECF No. 9.)  In his FAP, Petitioner alleges: (1) due
3    process violations by the trial court's exclusion of a witness from Petitioner's trial,
4    (ECF No. 9 at 7-9); (2) a Sixth Amendment confrontation clause violation in the trial
5    court's failure to allow Petitioner to cross-examine the witness, (id. at 10-12); (3) a due
6    process violation based on violation of Petitioner's right to speedy trial, (id. at 13); and
7    (4) ineffective assistance of trial and appellate counsel.  (Id. at 14-19.)

8    On October 31, 2013, Respondent filed an answer to the FAP.  (ECF No. 19.)
9    On December 10, 2013, Petitioner filed his Traverse.  (ECF No. 22.)  On December 20,
10   2013, the Magistrate Judge submitted the Original R&R which recommended that the
11   Petition be denied.  (ECF No. 23.)  On January 6, 2014, Petitioner filed a Supplemental
12   Traverse, (ECF No. 25), and on January 16, 2014, Petitioner filed objections to the
13   Original R&R ("Objections").  (ECF No. 26.)  On January 28, 2014, after fully
14   considering the Supplemental Traverse and Objections, the Magistrate Judge issued the
15   Amended R&R, again recommending this Court deny Petitioner's FAP and dismiss it
16   with prejudice.  (ECF No. 27.)  The Magistrate Judge found that Petitioner's
17   Objections, although filed in response to the Original R&R, are pertinent to the review
18   of the Amended R&R before this Court because the Amended R&R arrived at the same
19   findings and is based on largely the same analysis as the Original R&R.  (Id. at 14.)
20   In addition, the Magistrate Judge gave Petitioner an opportunity to file supplemental
21   objections to the Amended R&R by February 18, 2014 and Petitioner failed to file any
22   supplemental objections.  The Court, like the Magistrate Judge, will consider the
23   Objections for purposes of this order.

24                              **III.  LEGAL STANDARD**

25   In reviewing a magistrate judge's report and recommendation, a district court
26   "must make a *de novo* determination of those portions of the report . . . to which
27   objection is made" and "may accept, reject, or modify, in whole or in part, the findings
28   or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see also Fed.

1    R. Civ. P. 72(b).

2                                **IV.  DISCUSSION**

3    **A.    Petitioner's Claims**

4           **1.    Violation of Due Process**

5           Petitioner claims that the trial court violated his due process rights by excluding

6    Sylvester Brown, the victim, from testifying at Petitioner's trial.  (ECF No. 9 at 7.)

7    Respondent argues that the appellate court's rejection of this claim was not contrary

8    to, or an unreasonable application of, controlling Supreme Court authority because

9    nothing in the record demonstrates that either the prosecution or the trial court

10   interfered with Petitioner's right to present the victim as a defense witness.  (ECF No.

11   19-1 at 8, 9.)  Where a state court has denied a constitutional claim on the merits, a

12   Petitioner may not receive a grant of habeas corpus relief unless that adjudication

13   "resulted in a decision that was contrary to, or involved an unreasonable application

14   of, clearly established Federal law, as determined by the Supreme Court of the United

15   States," or "resulted in a decision that was based on an unreasonable determination of

16   the facts in light of the evidence presented in the State court proceeding."  28 U.S.C.

17   § 2254(d); see Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).

18          The Magistrate Judge recommends denying Petitioner's violation of due process

19   claim on the ground that the state court's rejection of this claim was not contrary to, or

20   an unreasonable application of, controlling Supreme Court authority because neither

21   the prosecution nor the court actually excluded the victim from the trial.  (ECF No. 27

22   at 7-8.)

23          In his Objections, Petitioner argues "[d]ue process requires government to

24   disclose material evidence (Mr. Brown) affecting credibility of government witnesses

25   when information sought is relevant and helpful to the accused" and "Sylvest [sic]

26   Brown was essential element of the alleged crime (no prior opportunity to cross-

27   examine) and is helpful and relevant to petitioner's defense, or is essential to a fair

28   determination of cause, due process prevents conviction of predisposed defendant."

(ECF No. 26 at 3, 5.)   Petitioner does not object to the Magistrate Judge's recommendation based on the reasoning that the victim was not actually excluded from Petitioner's trial.

The Court agrees with the Magistrate Judge's finding that neither the prosecution nor the trial court excluded the victim from Petitioner's trial.  The record reflects that the victim was not presented at Petitioner's trial because he could not be served with a subpoena to appear in court after an extensive search.  (Lodgment No. 2 at 114-21.) Accordingly, the Court **ADOPTS** the recommendation that Petitioner's due process claim be dismissed with prejudice, and **DENIES** Petitioner's violation of due process claim.

### 2.    Violation of the Confrontation Clause

Petitioner claims that the trial court violated his right of confrontation by allowing the victim's out-of-court statements to be introduced at Petitioner's trial. (ECF No. 9 at 7.)  Respondent argues that the state court's rejection of this claim was not contrary to, or an unreasonable application of, controlling Supreme court authority. (ECF No. 19-1 at 8, 9.)

The Magistrate Judge recommends denying Petitioner's violation of the confrontation clause claim where out-of-court testimony by the victim was never introduced at Petitioner's trial.  (ECF No. 27 at 8.)  Petitioner does not dispute that the victim's statements were not actually introduced in Petitioner's trial.

The Court agrees with the Magistrate Judge's finding that Petitioner's confrontation right was not violated because the trial court excluded the victim's statements.  The record demonstrates that the trial court carefully considered the admissibility of the victim's statements to the police at Petitioner's trial.  (Lodgment No. 2 at 11-17.)  The trial court excluded the statements into trial, ruling: "I do think [the statements] come within Crawford[1] so I'm not going to allow them in." (Id. at 17.)

---

[1] Crawford v. Washington, 541 U.S. 36 (2004).

1  As such, Petitioner was not denied his right to confront the victim because the victim's

2  statements were not introduced at Petitioner's trial.  Accordingly, the Court **ADOPTS**

3  the recommendation that Petitioner's confrontation clause claim be dismissed with

4  prejudice, and **DENIES** Petitioner's confrontation clause claim.

5      **3.**    **Violation of Speedy Trial**

6        Petitioner claims that his right to a speedy trial was violated because he was not

7  brought to trial "within the 60 day statory [sic] time limit."  (ECF No. 9 at 13.)

8  Petitioner claims this right is protected by the California Constitution.  (Id.)

9  Respondent argues that Petitioner's claim should be denied because the claim is

10  unexhausted and based on the application of state law.  (ECF No. 19-1 at 10, 12.)

11        The Magistrate Judge recommends denying Petitioner's violation of speedy trial

12  claim on the grounds that (1) Petitioner did not properly exhaust this claim and (2)

13  Petitioner's claim is based on the application of a California statute.  (ECF No. 27 at

14  9-10.)  Petitioner does not raise this claim in his Objections.

15        The Court agrees with the Magistrate Judge's finding that Petitioner did not

16  properly exhaust this claim by presenting his claim to the California Supreme Court.

17  A review of the Petition for Review in the California Supreme Court, (Lodgment No.

18  5), demonstrates that Petitioner failed to raise his violation of speed trial claim to the

19  California Supreme Court.  "[A] federal court may deny an unexhausted petition on the

20  merits only when it is perfectly clear that the applicant does not raise even a colorable

21  federal claim." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

22        Here, Petitioner's claim may be denied on the merits because it is perfectly clear

23  that Petitioner's claim does not raise a colorable claim under well-established federal

24  law.  See id.  Petitioner's claim is based on purely on a matter of state law, the

25  California Speedy Trial Act.  Cal. Penal Code § 1382(a)(2).  Although Petitioner does

26  not cite to California Penal Code section 1382(a)(2) explicitly, his arguments are based

27  on the 60 day statutory time limit and the California Constitution.  (ECF No. 9 at 13.)

28  The Supreme Court has well-established that "federal habeas corpus relief does not lie

for errors of state law." <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Therefore, the Court agrees with the Magistrate Judge's recommendation denying this claim as meritless.

Because Petitioner failed to raise his speedy trial claim before the California Supreme Court and because Petitioner's claim is based on California state law, the Court **ADOPTS** the recommendation that Petitioner's speedy trial claim be dismissed with prejudice, and **DENIES** Petitioner's speedy trial claim.

### 4.    Ineffective Assistance of Counsel

Petitioner claims that his Constitutional right to counsel was violated because he received ineffective assistance of his trial and appellate counsel. (ECF No. 9 at 14-18.)

### a.    Trial Counsel

Respondent argues Petitioner's claim of ineffective assistance of trial counsel should be denied because it is unexhausted and without merit. (ECF No. 19-1 at 12.)

The Magistrate Judge recommends denying Petitioner's ineffective assistance of counsel claim for Petitioner's trial counsel on the grounds that Petitioner: (1) did not properly exhaust this claim; and (2) has failed to meet the standard under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to demonstrate ineffective assistance of counsel. (ECF No. 27 at 11-12.)

In his Objections, Petitioner argues that he "has fairly presented the [Sixth] Amendment federal Constitutional claim to the highest state court." (ECF No. 26 at 5.) Petitioner does not object to the Magistrate Judge's recommendation or reasoning.

The Court finds that Petitioner's ineffective assistance of trial counsel is exhausted, contrary to the Magistrate Judge's finding. To exhaust state court remedies, a petitioner must "fairly present" the substance of his claim to the state court. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied "if the state courts have had the first opportunity to hear the claim sought to be vindicated" in federal habeas proceedings. <u>Id.</u> at 276. For exhaustion purposes, the

1   federal claim must have been "fairly presented" to the state courts. Id. at 275. A claim

2   is fairly presented if the way it is stated in the federal habeas petition is the "substantial

3   equivalent" of how it was presented in the state courts. Pappageorge v. Sumner, 688

4   F.2d 1294, 1295 (9th Cir. 1982); Schiers v. California, 333 F.2d 173, 174 (9th Cir.

5   1964). District courts also have a duty to "construe *pro se* pleadings liberally." Zichko

6   v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

7        Here, Petitioner has fairly presented his ineffective assistance of trial counsel to

8   the California Supreme Court. Petitioner asserts "ineffective assistance of counsel

9   (trial & appeal)" in his petition for review to the California Supreme Court. (Lodgment

10   No. 5 at 4). In liberally construing this claim, the Court finds that Petitioner has

11   adequately exhausted his state court remedies by raising the same ineffective assistance

12   of trial counsel claim in his Petition and in petition for review to the California

13   Supreme Court. See Zichko, 247 F.3d at 1020.

14        To obtain federal habeas relief, the state court's application of clearly established

15   Federal law must have "resulted in a decision that was contrary to, or involved an

16   unreasonable application of" that clearly established Federal law. See Lockyer, 538

17   U.S. at 71-72. In making such a determination, the court looks to the state's last

18   reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where there

19   is no reasoned decision from the state's highest court, the Court "looks through" to the

20   underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06

21   (1991). When a federal habeas court is faced with reviewing a state court denial for

22   which there is no reasoned decision, however, the deferential standard under § 2254(d)

23   cannot be applied because there is "nothing to which we can defer." Luna v. Cambra,

24   306 F.3d 954, 960 (9th Cir. 2002). Under such circumstances, "[f]ederal habeas review

25   is not *de novo* . . . but an independent review of the record is required to determine

26   whether the state court clearly erred in its application of controlling federal law."

27   Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Because the California Court of

28   Appeal summarily denied all of Petitioner's claims, (Lodgment No. 4), without a

reasoned decision, the Court must conduct an independent review of the record to determine if the California Court of Appeal's decision was contrary to, or involved an unreasonable application of clearly established federal law. See Delgado, 223 F.3d at 982.

The Magistrate Judge applied the appropriate standard to Petitioner's ineffective assistance of trial counsel claim under the clearly established Supreme Court law set forth in Strickland. See Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating it is beyond question that Strickland is the "clearly established" law governing ineffective assistance of counsel claims); Baylor v. Estelle, 94 F.3d 1321, 1323 (9th Cir. 1996); Jones v. Wood, 114 F.3d 1002, 1013 (9th Cir. 1997). For an ineffective assistance of counsel claim to stand, Strickland requires that: (1) counsel performance that fell below an objective standard of reasonableness, under prevailing norms of practice; and (2) the defendant was prejudiced, in the sense that he would have received a more favorable result but for counsel's unprofessional errors. Strickland, 466 U.S. at 687. To satisfy the deficient performance requirement, "[t]he challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." Id. at 689.

Petitioner claims that his trial counsel was ineffective because counsel failed to object to the victim's absence from the trial, failed to present mitigating evidence, failed to object to the victim impact testimony, failed to ask the right questions, allowed the admission of the victim's evidence, worked under a conflict of interest, and failed to meaningfully research and present a defense.[2] (ECF No. 9 at 14-15.)

As discussed above, the record shows that the victim was not called as a witness because he could not be served with a subpoena to appear at trial following an

---

[2] The Magistrate Judge addressed Petitioner's claim for ineffective assistance of trial counsel on the grounds that his trial counsel failed to: (1) object to the victim's absence at trial; (2) present mitigating evidence; and (3) effectively cross-examine witnesses. However, Petitioner also provides alternate bases for his ineffective assistance of trial counsel claim. The Court therefore addresses all of Petitioner's grounds in full.

extensive search. (Lodgment No. 2 at 114-21.) There is no evidence that the prosecution or trial court had any way to make victim available to testify at trial. Even if the victim were located, summoned, and testified at trial, there is no possibility that the victim's testimony would have led to a more favorable result for Petitioner. (ECF No. 27 at 12.)

As to the allegation that counsel failed to present mitigating evidence, Petitioner has failed to identify any such mitigating evidence. Similarly, Petitioner has wholly failed to identify the "right questions" his counsel should have asked. Petitioner has failed to provide facts to support his remaining claims that his trial counsel allowed the admission of the victim's evidence, worked under a conflict, and failed to meaningfully research and present Petitioner's defense. The Court denies the ineffective assistance of trial counsel based solely on conclusory allegations. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations that are not supported by specific facts do not warrant habeas relief).

After an independent review of the record, the Court finds that Petitioner's representation by his trial counsel does not fall below the standard set forth by Strickland. See Delgado, 223 F.3d at 982. Accordingly, the Court **ADOPTS** the recommendation that Petitioner's ineffective assistance of trial counsel claim be dismissed with prejudice, and **DENIES** Petitioner's ineffective assistance of trial counsel claim.

### b. Appellate Counsel

Respondent argues Petitioner's claim of ineffective assistance of appellate counsel should be denied because the California Court of Appeal denied this claim in a reasoned decision. (ECF No. 19-1 at 12.)

The Magistrate Judge recommends denying Petitioner's ineffective assistance of trial claim for Petitioner's appellate counsel on the grounds that Petitioner has failed to show that there was no reasonable basis for the Court of Appeal decision under the Strickland standard. (ECF No. 27 at 12-14.)

Because the California Court of Appeal summarily stated, "Competent counsel has represented [Petitioner] on appeal," (Lodgment No. 4 at 4), without a reasoned decision, the Court must conduct an independent review of the record to determine if the California Court of Appeal's decision was contrary to, or involved an unreasonable application of clearly established federal law. See Delgado, 223 F.3d at 982. As an ineffective assistance counsel claim, the Strickland standard again applies as the clearly established federal law governing Petitioner's ineffective assistance of appellate counsel claim. See Williams, 529 U.S. at 391.

Petitioner claims that his appellate counsel was ineffective because (1) counsel failed to file a statement of appeal; and (2) had been appointed in Petitioner's previous felony conviction in 1998, presenting a conflict of interest.[3] (ECF No. 9 at 17.)

First, contrary to Petitioner's claim, his appellate counsel filed a brief to the California Court of Appeals, raising seven possible issues. (Lodgment No. 4.) The appellate counsel's performance did not fall below an objective standard of reasonableness because it filed a brief on Petitioner's behalf, contrary to Petitioner's claim.

Secondly, as to Petitioner's assertion that his appellate counsel worked under a conflict of interest, Petitioner simply alleges that "the fact that appellate counsel was also appointed in Petitioner's previous felon conviction in 1998" presents a conflict of interest. (ECF No. 9 at 17.) "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980). "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." Id. at 350. Therefore, Petitioner must demonstrate that there was a true conflict of interest

---

[3] The Magistrate Judge only addressed Petitioner's claim for ineffective assistance of appellate counsel on the ground that his appellate counsel failed to file an appeal. However, Petitioner also bases his claim on the ground that his appellate counsel worked under a conflict of interest. The Court therefore addresses both grounds.

13cv0877 GPC (NLS)

before he may enjoy the presumption that he was prejudiced for the purposes of Strickland. See id. Petitioner has only pointed to the fact that his appellate counsel had represented him in a previous conviction. He has failed to raise any facts concerning how this previous representation created a conflict in his appellate representation. Therefore, after an independent review of the record, the Court finds that Petitioner's representation by his appellate counsel does not fall below the standard set forth by Strickland. See Delgado, 223 F.3d at 982.

Accordingly, the Court **ADOPTS** the recommendation that Petitioner's ineffective assistance of appellate counsel claim be dismissed with prejudice, and **DENIES** Petitioner's ineffective assistance of appellate counsel claim.

## B.   Request for Evidentiary Hearing

The Magistrate Judge denied Petitioner's request for an evidentiary hearing raised in Petitioner's supplemental traverse. (ECF No. 27 at 14.) Petitioner again requests an evidentiary hearing in his Objections. (ECF No. 26 at 1, 6.) Petitioner offers no arguments in support of his request, except to state at the end of the Objections, "For the forgoing [sic] reasons Petitioner respectfully request [sic] evidentiary hearing." (ECF No. 26 at 6.) "In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). "However, an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." Id.

Here, the Court can resolve Petitioner's claims based on the state court record. Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing.

## C.   Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

1  2253(c)(2).  A certificate of appealability "should issue when the prisoner shows . . .

2  that jurists of reason would find it debatable whether the petition states a valid claim

3  of the denial of a constitutional right and that jurists of reason would find it debatable

4  whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529

5  U.S. 473, 484 (2000).

6        Based on the Court's review of the FAP, the Court finds no issues are debatable

7  among jurists of reason and that no jurists of reason would find it debatable whether

8  the district court was correct in its procedural ruling.  See id.  Accordingly, the Court

9  **DENIES** a certificate of appealability.

10                    **V.  CONCLUSION AND ORDER**

11       For the reasons set forth above, **IT IS HEREBY ORDERED** that the Court

12  **ADOPTS** the Magistrate Judge's Amended R&R in its entirety and **DENIES**

13  Petitioner's FAP, (ECF No. 9), with prejudice and without leave to amend.  The Clerk

14  of Court is instructed to close the file.

15        IT IS SO ORDERED.

16

17  DATED:  August 4, 2014

18                              HON. GONZALO P. CURIEL
19                              United States District Judge
20

21

22

23

24

25

26

27

28